UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| SCHLUMBERGER N.V., SCHLUMBERGER SURENCO S.A., and SCHLUMBERGER INTERNATIONAL OILFIELD INVESTMENT LIMITED F/K/A OCULTUN INVESTMENT COMPANY LIMITED, <br><br> *Plaintiffs*, <br><br> v. <br><br> US OIL OF GUATEMALA S.A., <br><br> *Defendant*. | § § § § § § § § § § § § § § § § § §  <br><br> Civil Case No. 4:25-cv-1297 |

**DEFENDANT US OIL OF GUATEMALA S.A.'S NOTICE OF REMOVAL**

Defendant US Oil of Guatemala S.A., ("USOG" or "Defendant"), pursuant to 28 U.S.C. §§ 1446 and 1332, files this Notice of Removal and removes to the United States District Court an action which is pending in the 164th Judicial District Court of Harris County, Texas. The facts, exhibits, and legal authority supporting this Notice of Removal are as follows:

**BACKGROUND**

1. On or about January 27, 2025s, Plaintiffs Schlumberger N.V.; Schlumberger Surenco S.A.; and Schlumberger International Oilfield Investment Limited f/k/a Ocultun Investment Company Limited (collectively the "Schlumberger Parties" or "Plaintiffs") filed this civil action against Defendant in the case styled, *Schlumberger N.V., et al. v. US Oil of Guatemala S.A.*, Cause No. 2025-05456, pending in the 164th Judicial District Court of Harris County, Texas (the "Texas Action").

2. In the Texas Action, Plaintiffs assert claims for declaratory relief and application

for a stay of arbitration, contending that Defendant improperly added them as parties to a UNCITRAL arbitration located in Houston, Texas that commenced in December 2024 (the "Arbitration").

3. Pursuant to a Memorandum of Acceptance of Service executed by Defendant's counsel pursuant to Texas Rule of Civil Procedure 119, Plaintiffs effectuated service of process on Defendant on February 17, 2025.

## BASIS FOR DIVERSITY JURISDICTION

4. Pursuant to 28 U.S.C. §1441(a), "any civil action brought in a state court of which the district court of the United States have original jurisdiction, may be removed by the defendants, to the district court of the United States . . . where such action is pending."

5. This Court has jurisdiction over this matter under 28 U.S.C. § 1332(a) because there is a complete diversity of citizenship between Plaintiffs and Defendant, and the amount in controversy exceeds $75,000, exclusive of interest and costs.

6. Plaintiff Schlumberger N.V. is a public limited company organized under the laws of Curaçao, with its principal place of business in Houston, Texas, and is therefore a citizen of Curaçao and the State of Texas for diversity purposes.

7. Plaintiff Schlumberger Surenco S.A. ("Schlumberger Surenco") is a public limited company incorporated in Uruguay, with its principal place of business in Montevideo, Uruguay, and is therefore a citizen of Uruguay for diversity purposes.

8. Plaintiff Schlumberger International Oilfield Investment Limited f/k/a Ocultun Investment Company Limited ("Schlumberger International") was organized under the laws of the United Arab Emirates ("UAE"), with its principal place of business also in the same country, and

is therefore a citizen of UAE for diversity purposes.[1]

9. Defendant USOG is a public limited company incorporated under the laws of Guatemala, with its principal place of business in Florida, and is therefore a citizen of Guatemala and Florida for diversity purposes.

10. Accordingly, there is complete diversity of citizenship between Plaintiffs and USOG, and this Court may exercise subject matter jurisdiction over this case under 28 U.S.C. § 1332(a).

11. Further, the amount in controversy in this action far exceeds the jurisdictional threshold of $75,000.00. Plaintiffs' Petition in the Texas Action attaches Defendant's Notice of Arbitration as Exhibit A, which sets forth Defendant's allegations and causes of action against Plaintiffs in the Arbitration proceeding, which include claims that Plaintiffs tortiously interfered with contracts, negligently operated an oil and gas exploration project, and breached fiduciary duties.[2] Based on this misconduct, the Notice of Arbitration alleges that Plaintiffs' actions have "caused significant financial harm to Claimant, with damages estimated at US $230 million or more" for just one of multiple reservoirs covered by the project.[3]

12. While Plaintiffs seek to stay the arbitration in the Texas Action, the Fifth Circuit has consistently held that in such circumstances the court can look to the true amount in controversy asserted in the underlying arbitration to determine whether the jurisdictional threshold under Section 1332(a) is satisfied. *See Pershing, L.L.C. v. Kiebach*, 819 F.3d 179, 182 (5th Cir. 2016) ("The federal district court has diversity jurisdiction over a motion to compel arbitration

---

[1] On information and belief, Schlumberger International may have wound down and terminated its operations, but Defendant has been unable to confirm official details concerning this issue. If Plaintiffs confirm that Schlumberger International no longer exists then they can dismiss the entity as a plaintiff or take other appropriate action.
[2] *See* Exhibit 3-A, Notice of Arbitration at ¶ 26.
[3] *Id.* at ¶ 27.

3

based on the amount demanded in the petition"); *Webb v. Investacorp, Inc.*, 89 F.3d 252, 256 (5th Cir. 1996) ("the amount in controversy in a motion to compel arbitration is the amount of the potential award in the underlying arbitration proceeding"). Accordingly, this Notice of Removal satisfies the amount in controversy requirement of Section 1332(a).

13. Venue is proper in the United States District Court for the Southern District of Texas, Houston Division because the case is being removed from the 164th District Court of Harris County, Texas, where Plaintiffs filed an action to challenge their participation in an UNCITRAL arbitration located in Houston, Texas, which arises under agreements that are governed by Texas law. Further, Plaintiffs are subject to the personal jurisdiction of this Court based on their commencement of litigation in the Texas Action to challenge their participation in the Arbitration.

14. Nothing in this Notice of Removal shall be interpreted as a waiver or relinquishment of any of Defendant's rights to assert any defenses or affirmative claims, including a counterclaim.

15. This Notice of Removal is being timely served and filed within the time allotted under 28 U.S.C. § 1446(b).

16. This action is not a non-removable action as described under 28 U.S.C. § 1445.

17. Pursuant to 28 U.S.C. § 1446(a) and Local Rule 81, Defendant is attaching as true and correct copy of: (i) the Texas Action's docket sheet, attached hereto as **Exhibit 1**; (ii) an index of all matters being filed, attached hereto as **Exhibit 2**; (iii) all pleadings filed in the Texas Action asserting causes of action, attached hereto as **Exhibit 3**; (iv) copies of all executed process in the case, attached as **Exhibit 4**; and (v) a list of all counsel of record, with their contact information and parties represented, attached hereto as **Exhibit 5**.[4] In addition, a disclosure statement of

---

[4] Local Rule 81 also requires a copy of all orders signed by the state court judge, but no such orders have been entered in the case.

interested persons will be filed separately pursuant to the applicable rules.

18. In accordance with 28 U.S.C. § 1446(d), contemporaneously with the filing of this Notice of Removal, Defendant will serve Plaintiffs with a copy of this Notice of Removal and will file a Notice of Filing of Notice of Removal with the Clerk of the Court for the 164th District Court in and for Harris County, Texas.

## RELIEF REQUESTED

**WHEREFORE**, Defendant US Oil of Guatemala S.A. respectfully requests that the aforesaid Texas Action now pending in the 164th District Court of Harris County, Texas be removed to this Honorable Court.

Respectfully submitted on this 19th day of March, 2025,

          **RIMON P.C.**

          By: */s/Joseph R. Callister*
          Joseph R. Callister
          Texas Bar No. 24059054
          17304 Preston Road, Suite 800
          Dallas, TX 75252
          Telephone & Fax: (214) 306-7996
          Email: joseph.callister@rimonlaw.com

          *Ricardo A. Ampudia
          Florida Bar No. 124293
          333 SE 2nd Avenue, Suite 2000
          Miami FL 33131
          Telephone & Fax: 202.991.1516
          Email: ricardo.ampudia@rimonlaw.com

          *Counsel for Defendant US Oil of Guatemala S.A.*

          *Admission to the Southern District of Texas forthcoming

## **CERTIFICATE OF SERVICE**

I certify that a true and correct copy of the foregoing pleading was served on all counsel pursuant to the Federal Rules of Civil Procedure on March 19, 2025.

*/s/ Joseph R. Callister*
Joseph R. Callister