# EXHIBIT 3

1/27/2025 5:01 PM
Marilyn Burgess - District Clerk Harris County
Envelope No. 96656862
By: Monica Jackson
Filed: 1/27/2025 5:01 PM

**CAUSE NO. _____**

| | | |
|---|---|---|
| SCHLUMBERGER N.V.; | § | IN THE DISTRICT COURT |
| SCHLUMBERGER SURENCO S.A.; | § | |
| SCHLUMBERGER INTERNATIONAL | § | HARRIS COUNTY, TEXAS |
| OILFIELD INVESTMENT LIMITED | § | |
| F/K/A OCULTUN INVESTMENT | § | |
| COMPANY LIMITED; | § | |
| | § | |
| Plaintiffs, | § | |
| | § | |
| v. | § | |
| | § | |
| US OIL GUATEMALA S.A. | § | |
| | § | |
| Defendant. | § | _____ JUDICIAL DISTRICT |

## PETITION FOR DECLARATORY RELIEF AND
## APPLICATION TO STAY ARBITRATION

Plaintiffs Schlumberger N.V.; Schlumberger Surenco S.A.; and Schlumberger

International Oilfield Investment Limited f/k/a Ocultun Investment Company Limited

(collectively the "Schlumberger Parties") present this Petition for Declaratory Relief and

Application to Stay Arbitration, complaining of Defendant US Oil Guatemala, S.A., and for good

cause would show the Court as follows:

**I.    Overview**

1.    Plaintiffs seek to conduct discovery under Level 3. *See* Tex. R. Civ. P. 190.4.

Plaintiffs seek non-monetary relief in addition to recovery of their attorney fees in connection with

this proceeding. *See* Tex. R. Civ. P. 47(c)(5).

2.    In December 2024, Defendant initiated an UNCITRAL arbitration against the

Schlumberger Parties even though those parties never entered into any agreement with Defendant

to arbitrate a dispute – or even any other agreement with Defendant. The arbitration admits as

much and also that the filing came more than four years after the Schlumberger Parties ended

activities related to the mineral interests referenced in the arbitration. This meant that any potential

claims were already time-barred under applicable statute of limitations. In short, Defendant's arbitration is a wrongful attempt to involve parties that never agreed to arbitrate, never contracted with Defendant, and against whom liability could not be found even if it existed (it does not) due to binding limitations periods.

3.     Throughout this Petition, reference is made to Defendant's illegitimate Notice of Arbitration, a true and correct copy of which is attached as Exhibit A. Though Defendant improperly included Plaintiffs as respondents in the Notice of Arbitration, that action centers on allegations against other parties and only superficially complains about Plaintiffs in two paragraphs. Those two paragraphs – which are the only two paragraphs that mention the Schlumberger Parties in any way – lack any detail, yet still demonstrate that there is no agreement to arbitrate and that any claims are time barred even if they had a basis in fact (which they do not):

> 9.     The Schlumberger Entities, although not signatories to the Governing Contracts, are proper respondents in this arbitration under the doctrines of equitable estoppel, direct benefits estoppel, equitable intertwined claims estoppel, assumption, agency, alter ego, incorporation by reference, and third-party beneficiary, as established by United States Supreme Court in *GE Energy Power Conversion France SAS, Corp. v. Outokumpu Stainless USA, LLC*, 590 U.S. 432, 441 (2020), and the Texas Supreme Court in *G.T. Leach Builders, LLC v. Sapphire V.P., LP*, 458 S.W.3d 502, 524 (Tex. 2015). Among other facts, since at least 2012, Schlumberger has participated in and benefited from the operations and management of the hydrocarbon project at issue, entering into various agreements with City Petén relating to the project, and providing services that contributed to Claimants' damages.[2]

> 26.     Schlumberger and its affiliated entities are responsible for their participation in at least part of the project. The Schlumberger entities were involved in the operations and management of the hydrocarbon project from approximately 2012 to 2020. Schlumberger's actions and omissions give rise to various claims under applicable law, including but not limited to tortious interference with contract, negligence, conspiracy, breach of fiduciary duties, and harm to a known third-party beneficiary. These actions have caused substantial losses suffered by the Claimant.

2

4.  Because defendant improperly joined Plaintiffs to an arbitration, Plaintiffs now seek a stay of the arbitration as authorized by statute.

5.  Plaintiffs further seek declaratory judgment holding as follows:

    a.  No agreement to arbitrate exists between Defendant and any Plaintiff and Defendant cannot maintain an arbitration against any Plaintiff; and

    b.  Because Defendant's Notice of Arbitration establishes that more than four years elapsed between when (i) any Plaintiff had any involvement in the conduct alleged in the Notice of Arbitration and (ii) Defendant filed its Notice of Arbitration, Defendant's recovery as against each Plaintiff is barred by limitations.

## II.    Parties and Service of Process

6.      Plaintiff Schlumberger N.V. is a Netherlands Antilles corporation operating within Texas.

7.      Plaintiff Schlumberger Surenco S.A. (Panama) is a company incorporated under the laws of Uruguay.

8.      Plaintiff Schlumberger International Oilfield Investment Limited formerly known as Ocultun Investment Company Limited is a company incorporated under the laws of the United Arab Emirates.

9.      Defendant US Oil Guatemala S.A. is a company organized under the laws of Guatemala which has consented to the jurisdiction of the courts of Texas and has availed itself of the benefits of the laws of the state of Texas by invoking Texas law in arbitration agreements (with parties other than Plaintiffs) and designating Houston, Texas as the seat of the arbitration.

3

Defendant may be served pursuant to the requirements of the Inter-American Service Convention

on Letters Rogatory and Additional Protocol (IACAP) at the following address:

Edificio Plaza Corporativa Reforma
Torre II, Oficina 403
Avenida Reforma 6-64
Zona 9, Ciudad de Guatemala
Guatemala

Additional notice may be provided through counsel for Defendant:

Ricardo Ampudia, Esq., B.C.S., FCIArb.
Rimon, P.C.
333 SE 2nd Avenue, Suite 2000
Miami, FL 33131
+1 202.991.1516
ricardo.ampudia@rimonlaw.com

Ex. A at 1–2.

## III.     Jurisdiction and Venue

10.     Defendant acknowledges that the conduct covered by an arbitration would occur

"in Houston, Texas and [be] governed by Texas law." *Id*. ¶ 8.

11.     The Court has jurisdiction over Defendant pursuant because Defendant has

purposely availed itself of the protections of the law of Texas and has contracted to have Texas

courts determine questions in connection with arbitrations. The Court also has jurisdiction to hear

Plaintiffs' claims pursuant to Article V Section 8 of the Texas Constitution and Tex. Civ. Prac. &

Rem. Code §§ 37.003 and 171.023.

12.     Venue is proper in Harris County because the Notice of Arbitration relates to an

alleged breach of written contracts, and Harris County was identified as the place where arbitration

would occur under Texas law. Tex. Civ. Prac. & Rem. Code § 171.096.

4

**IV.    Facts**

13.    On December 10, 2024, Defendant submitted the Notice of Arbitration under the 1976 Arbitration Rules of the United Nations Commission On International Trade Law. Ex. A.

14.    The Notice of Arbitration provides that a dispute arose "out of the Acquisition Agreement (dated March 25, 2008), the Joint Operating Agreement (JOA) (dated March 25, 2008), and the Assignment and Reversionary Interest Agreement (dated June 23, 2009)," which the Notice refers to collectively as the "Governing Contracts." *Id.* ¶ 8.

15.    Defendant's Notice of Arbitration defines the "Schlumberger Entities" as including each Plaintiff. *Id.* ¶ 7(f). Defendant admits the "Schlumberger Entities [are] not signatories to the Governing Contracts." *Id.* ¶ 9.

16.    Defendant alleges the following Plaintiffs entered into agreement with parties other than Defendant: (a) Schlumberger Surenco, S.A. (b) Ocultun Investment Company Limited, and (c) Schlumberger International Oilfield Investment Limited. *Id.* at 4 n.2. Despite Defendant's identification of three separate contracting entities, Schlumberger International Oilfield Investment Limited is the successor entity to Ocultun Investment Company Limited.

17.    At no point in the Notice of Arbitration does Defendant allege that Plaintiff Schlumberger N.V. entered into any agreement with Defendant or any other party. *See generally id.*

18.    Defendant asserts that Plaintiffs' final involvement occurred in 2020. *Id.* ¶ 26.

19.    In fact, Plaintiffs, if they participated in operations related in any way to the facts underlying the Notice of Arbitration at all, ceased their participation well before December 2020, more than four years before Defendant submitted its Notice of Arbitration.

## V.    Causes of Action

20.    Plaintiffs incorporate the preceding paragraphs as if restated in full.

### Cause of Action I: Declaratory Judgment

21.    There is no binding agreement between Defendant and any Plaintiff.

22.    Plaintiff Schlumberger N.V. never entered into an agreement with Defendant or any party in relation to the conduct alleged in the Notice of Arbitration.

23.    The remaining Plaintiffs last rendition of services in relation to the conduct alleged in the Notice of Arbitration occurred in 2020.

24.    Plaintiffs other than Plaintiff Schlumberger N.V. last rendered services in relation to conduct alleged in the Notice of Arbitration prior to December 2020.

25.    Defendant has admitted these facts in its Notice of Arbitration.

26.    In light of the foregoing, the Court should declare, pursuant to Texas Civil Practices and Remedies Code Section 37.003 that:

a.    No agreement to arbitrate exists between Defendant and any Plaintiff and Defendant cannot maintain an arbitration against any Plaintiff.

b.    Because Defendant's Notice of Arbitration establishes that more than four years elapsed between when (i) any Plaintiff had any involvement in the conduct alleged in the Notice of Arbitration and (ii) Defendant filed its Notice of Arbitration, Defendant's recovery as against each Plaintiff is barred by limitations.

### Cause of Action II: Application for Stay of Arbitration

27.    Texas Civil Practices and Remedies Code Section 171.023 provides as follows:

6

(a) A court may stay an arbitration commenced or threatened on application and a showing that there is not an agreement to arbitrate.

(b) If there is a substantial bona fide dispute as to whether an agreement to arbitrate exists, the court shall try the issue promptly and summarily.

(c) The court shall stay the arbitration if the court finds for the party moving for the stay. If the court finds for the party opposing the stay, the court shall order the parties to arbitrate.

28.    There is no agreement to arbitrate between Defendant and any of the Plaintiffs.

29.    Not only has Defendant failed to identify an agreement to arbitrate with any Plaintiff, but Defendant has explicitly admitted that there is no such agreement. *Id.* ¶ 9.

30.    Defendant has no basis on which to include any Plaintiff in the arbitration described by the Notice of Arbitration.

31.    Pursuant to Texas Civil Practices and Remedies Code Section 171.023 the Court should issue an order staying the arbitration proceedings begun by Defendant as to Plaintiffs.

## VI.    Prayer for Relief

32.    For the foregoing reasons, Plaintiffs respectfully request that the Court enter judgment in their favor and provide for the following relief:

A.    Declaratory judgment that:

I.    No agreement to arbitrate exists between Defendant and any Plaintiff and Defendant cannot maintain an arbitration against any Plaintiff; and

II.    Because Defendant's Notice of Arbitration establishes that more than four years elapsed between when (i) any Plaintiff had any involvement in the conduct alleged in the Notice of Arbitration and (ii) Defendant filed its Notice of Arbitration, Defendant's recovery as against each Plaintiff is barred by limitations.

7

B.      An order pursuant to Texas Civil Practices and Remedies Code Section 171.023 staying the arbitration initiated by Defendant by means of the Notice of Arbitration and in which Plaintiffs are named as respondents.

C.      An award of costs and attorney fees as permitted pursuant to Texas Civil Practices and Remedies Code Section 37.009

D.      All other relief to which Plaintiffs show themselves to be entitled.

Dated: January 27, 2025.

Respectfully submitted,

/s/ Mike Stenglein
Mike Stenglein
Texas Bar No. 00791729
Matt Vandenberg
Texas Bar No. 24079501
Robert M. Hill
Texas Bar No. 24125624
KING & SPALDING LLP
500 W. 2nd Street, Suite 1800
Austin, TX 78701
Telephone: (512) 457-2003
mstenglein@kslaw.com
mvandenberg@kslaw.com
rhill@kslaw.com

## Automated Certificate of eService

This automated certificate of service was created by the efiling system. The filer served this document via email generated by the efiling system on the date and to the persons listed below. The rules governing certificates of service have not changed. Filers must still provide a certificate of service that complies with all applicable rules.

Jeremy Worsham on behalf of Mike Stenglein
Bar No. 791729
jworsham@kslaw.com
Envelope ID: 96656862
Filing Code Description: Petition
Filing Description: Petition for Declaratory Relief and Application to Stay Arbitration
Status as of 1/28/2025 8:59 AM CST

Case Contacts

| Name | BarNumber | Email | TimestampSubmitted | Status |
|------|-----------|-------|--------------------|--------|
| Robert M.Hill | | rhill@kslaw.com | 1/27/2025 5:01:29 PM | NOT SENT |
| Matt Vandenberg | | mvandenberg@kslaw.com | 1/27/2025 5:01:29 PM | NOT SENT |
| Jeremy Worsham | | jworsham@kslaw.com | 1/27/2025 5:01:29 PM | NOT SENT |
| Mike Stenglein | | mstenglein@kslaw.com | 1/27/2025 5:01:29 PM | NOT SENT |

# Exhibit A

Unofficial Copy Office of Marilyn Burgess District Clerk

CONFIDENTIAL

**IN AN ARBITRATION UNDER THE 1976 ARBITRATION RULES OF THE UNITED NATIONS COMMISSION ON INTERNATIONAL TRADE LAW**

**US Oil Guatemala, S.A.**

*Claimant*

v.

**City Petén S. de R.L., City Oriente Holding Company Ltd., City Petén S.R.L. (Guatemala), City Oriente Inc., Ford Family Resources, Ford Resources LLC, City Combustibles S.A. (Guatemala), VC33 Energy y Compañía Limitada, Donald Henry Ford, James Patrick Ford, Kyle Ford, Ruth Ford, Donald Ford, Jr., Ministry of Energy and Mines of Guatemala, Erick Estuardo Archila Dehesa, Schlumberger N.V., Schlumberger Surenco S.A., Occultun Investment Company Limited, Schlumberger International Oilfield Investment Limited**

*Respondents*

---

## NOTICE OF ARBITRATION

---

Ricardo Ampudia, Esq., B.C.S., FCIArb.
Rimon, P.C.
333 SE 2nd Avenue, Suite 2000
Miami, FL 33131
+1 202.991.1516
ricardo.ampudia@rimonlaw.com

*Counsel for Claimant*

December 10, 2024

Unofficial Copy Office of Marilyn Burgess District Clerk

# I.    INTRODUCTION.

1.    This arbitration involves a web of entities and individuals whose conduct has caused significant losses to US Oil Guatemala S.A., the Claimant in these proceedings.

2.    The Respondents include City Petén and its affiliated companies and individuals, primarily based in Texas, Panama, and Guatemala, which have engaged in corrupt practices and mismanagement of a major hydrocarbon project. Schlumberger, a global oilfield services company, and its affiliates, played a crucial role in the project's operations, contributing to the mismanagement and financial losses. The Ministry of Energy and Mines of Guatemala (MEM), along with its former Minister Erick Archila, is implicated in corrupt activities and undue delays that exacerbated the Claimant's losses. Additionally, various members of the Ford family, who control City Petén and its affiliates, have personally enriched themselves and orchestrated this scheme.

3.    Claimant files this Notice of Arbitration to pursue claims against the Respondents for widespread contractual breaches and tortious misconduct in connection with a major hydrocarbon project, including but not limited to engagement in corrupt practices, self-dealing, breach of contract, breach of fiduciary duty, fraud, and other tortious acts. The Claimant seeks relief and remedies as described in the subsequent sections of this Notice and its future submissions.

4.    The agreements and law governing this arbitration mandate that any disputes arising out of or in relation to or in connection these contracts shall be resolved by arbitration under the UNCITRAL Arbitration Rules, seated in Houston, Texas, and governed by Texas law.  Pursuant to the UNCITRAL Arbitration Rules, the Claimant hereby requests that the dispute be referred to arbitration and provides the names and addresses of the parties, a reference to the governing contracts and mandatory arbitration provision, and a description of the general nature of the claims, amount of damages and other relief sought.

# II.    NAME AND ADDRESS OF THE PARTIES.

## A.    CLAIMANT.

5.    Claimant is US Oil Guatemala S.A.  Its address is Edificio Plaza Corporativa Reforma, Torre II, Oficina 403, Avenida Reforma 6-64 zona 9, Ciudad de Guatemala, Guatemala.

6.    Claimant indicates that all communications related to this dispute must be sent directly and exclusively to its counsel, with a copy to counsel's email address, as listed below:

1

Ricardo Ampudia, Esq., B.C.S., FCIArb.
Rimon, P.C.
333 SE 2nd Avenue, Suite 2000
Miami, FL 33131
+1 202.991.1516
ricardo.ampudia@rimonlaw.com

## B.    RESPONDENTS.

7.    Respondents and their addresses are as follows.  They include:

    a.    Companies owned or controlled, directly or indirectly, by members of the Ford Family (collectively, the "**City Companies**"):

        i.    City Petén S. de R.L. (Panama) Address: 8620 N New Braunfels Ave Suite 603, San Antonio TX 78217-6363.

        ii.    City Oriente Holding Company Ltd. (Panama). Address: 555 IH 35 S, Suite 308, New Braunfels, Texas 78130.

        iii.    City Petén S.R.L. (Guatemala).  Address: Diagonal 6, 12-42, Torre 1 – Oficina 1302 - 1304, Edificio Design Center, Zona 10 Ciudad de Guatemala, Guatemala 01010.

        iv.    City Oriente Inc. (Texas).  Address: 555 S Interstate 35 Ste 308, New Braunfels TX 78130-4889.

        v.    Ford Family Resources, Inc.  (Texas).  Address: 8620 N New Braunfels Ave Suite 603, San Antonio TX 78217-6363.

        vi.    Ford Resources LLC.  (Texas).  Address: 8620 N New Braunfels Ave Suite 603, San Antonio TX 78217-6363.

        vii.    City Combustibles S.A. (Guatemala).  Address: Diagonal 6, 12-42, Torre 1 – Oficina 1301, Edificio Design Center, Zona 10 Ciudad de Guatemala, Guatemala, 01010.

    b.    Companies partially owned or controlled, directly or indirectly, by members of the Ford Family (collectively, the "**City Related Companies**"):

        i.    VC33 Energy y Compañía Limitada (Guatemala).  Address: Diagonal 6, 12-42, Torre 1 – Oficina 1301, Edificio Design Center, Zona 10 Ciudad de Guatemala, Guatemala, 01010.

    c.    Individual members of the Ford Family (the "**Ford Family Members**"):

2

       i.   Donald Henry Ford.  Address: 8620 N New Braunfels Ave Suite 603, San Antonio TX 78217-6363.

      ii.   James Patrick Ford.  Address: 8620 N New Braunfels Ave Suite 603, San Antonio TX 78217-6363.

     iii.   Kyle Ford.  Address: 8620 N New Braunfels Ave Suite 603, San Antonio, TX 78217.

d.   The Guatemalan Ministry of Energy and Mines (*Ministerio de Energía y Minas de Guatemala*) ("MEM"). Address: Diagonal 17, 29-78 zona 11, Las Charcas, ciudad de Guatemala del departamento de Guatemala, República de Guatemala 01001;

e.   Mr. Erick Estuardo Archila Dehesa.  Address: 92 S.W. 3rd St. Apt. 4003, Miami, FL 33130-3378;

f.   Schlumberger N.V. and various of its affiliates (together, the "**Schlumberger Entities**"):

       i.   Schlumberger N.V.   Address: 5599 San Felipe, 17th Floor, Houston, TX 77056, USA.

      ii.   Schlumberger Surenco S.A.  (Panama).  Address: 3ra Avenida 8-71 zona 10 Guatemala, Ciudad, Guatemala.

     iii.   Ocultun[1] Investment Company Limited.  Address: Ocultun Investment Unit OT 14-31, Level 14, Central Park Offices, Dubai International Financial Centre, Dubai, 506579, United Arab Emirates.

     iv.   Schlumberger International Oilfield Investment Limited (UAE) (formerly Ocultun Investment Company Limited). Address: Unit OT 14-31, Level 14, Central Park Offices, Dubai International Financial Centre, Dubai, 506579, United Arab Emirates.

## III.   ARBITRATION AGREEMENT AND RELEVANT CONTRACTS

8.    Claimant's claims in this dispute arise out of the Acquisition Agreement (dated March 25, 2008), the Joint Operating Agreement (JOA) (dated March 25, 2008), and the Assignment and Reversionary Interest Agreement (dated June 23, 2009) (the "**Governing Contracts**"). Each of these agreements includes a governing law and dispute resolution clause specifying that any disputes arising out of or in relation to or in connection with

---

[1] Sometimes also spelled "Occultun" in some of the relevant agreements.

3

the agreements must be resolved by arbitration under the UNCITRAL Arbitration Rules, seated in Houston, Texas, and governed by Texas law. These agreements are annexed to this Notice.

9.      The Schlumberger Entities, although not signatories to the Governing Contracts, are proper respondents in this arbitration under the doctrines of equitable estoppel, direct benefits estoppel, equitable intertwined claims estoppel, assumption, agency, alter ego, incorporation by reference, and third-party beneficiary, as established by United States Supreme Court in *GE Energy Power Conversion France SAS, Corp. v. Outokumpu Stainless USA, LLC*, 590 U.S. 432, 441 (2020), and the Texas Supreme Court in *G.T. Leach Builders, LLC v. Sapphire V.P., LP*, 458 S.W.3d 502, 524 (Tex. 2015). Among other facts, since at least 2012, Schlumberger has participated in and benefited from the operations and management of the hydrocarbon project at issue, entering into various agreements with City Petén relating to the project, and providing services that contributed to Claimants' damages.[2]

10.     Similarly, the Ministry of Energy and Mines ("**MEM**") can also be joined as a party to this arbitration as a non-signatory under the same doctrines that apply to the Schlumberger Entities. MEM's misconduct have caused significant project delays and further contributed to Claimant's losses.

## IV.    GENERAL NATURE OF THE CLAIMS AND INDICATION OF THE AMOUNT INVOLVED.

### A.    SUMMARY OF RELEVANT FACTS.

11.     The dispute centers around a series of events and agreements related to the exploration and exploitation of substantial hydrocarbon formations in Guatemala.

12.     On September 7, 1992, the MEM published a request for proposals for hydrocarbon exploration in the relevant area.  The Claimant signed the "Contract for the Exploration and Exploitation of Hydrocarbons Number 1-2006" with MEM on June 28, 2006. This contract governed the exploration activities in the designated area.

---

[2] These include the Master Services Agreement dated March 10, 2012, and its addenda, between City Petén and Schlumberger Surenco, S.A., for various services in the oil wells. Another Master Services Agreement, dated December 19, 2014, between Schlumberger Surenco, S.A. and City Petén, covered services for evaluation and development related to Contract 1-2006. The Development Funding Agreement, dated July 17, 2015, involved City Petén, Ocultun Investment Company Limited, and Schlumberger Surenco S.A. for funding and development operations. Claimant understands that the Termination and Settlement Agreement, dated January 2020, between City Petén S. de R.L, City Petén S. de R.L. (Guatemala), Schlumberger International Oilfield Investment Limited (formerly Ocultun Investment Company Limited), and Schlumberger Surenco S.A., concluded the agreements between the Schlumberger Entities and City Petén.

4

13.     On March 25, 2008, USOG and City Oriente Holding Company Ltd. ("**City Oriente**") signed an "Acquisition Agreement," assigning a 51% interest in the Exploration Contract to City Oriente, and a "Joint Operating Agreement" ("**JOA**"), designating City Oriente as the operator and imposing multiple obligations on the Operator, including standards of care, anticorruption, conflict of interest, and consent obligations.

14.     Later, on June 23, 2009, the Claimant and City Petén S. de R.L. ("**City Petén**") signed an "Assignment and Reversionary Interest Agreement," assigning the remaining 49% interest to City Petén, with a reversionary interest reserved for the Claimant if City Petén's internal rate of return (a measure of profitability) reaches certain levels.  In exchange, City Petén agreed to provide quarterly internal rate of return statements to the Claimant, among other information.

15.     Thus, the Claimant assigned 100% of its rights to City Petén or City Oriente, subject to the reversionary interest provisions. As indicated in agreements, City Oriente was succeeded by City Petén.  MEM authorized the assignments by the Claimant on September 28, 2010.

16.     On Claimant's understanding, City Petén completed drilling on well "Ocultun 2X" in March 2012, and production started in November 2012, with Schlumberger entities, including Schlumberger Surenco S.A., beginning operations in the area in the same year. City Petén started drilling on well Ocultun 4X in April 2015, and entered into a Development Funding Agreement with Occultun Investment Company Limited and Schlumberger Surenco S.A. on July 17, 2015. Drilling for well Ocultun 4X was complete within a few months.

17.     Respondents' mismanagement of the project, contractual breaches, and tortious misconduct has led to significant waste, delays, and significantly reduced profits or losses for City Petén, thereby causing damages to the Claimant.

18.     City Combustibles S.A. was created in February 2016 by Donald Ford and Patrick Ford.  Subsequently, City Petén sold hydrocarbons products to City Combustibles without the Claimant's written authorization, in breach of the consent and conflict of interest obligations under the governing contracts and in breach of City Peten's fiduciary duties to the Claimant.  This has led to significant loss of value for City Petén, resulting in significant losses to the Claimant.  The Claimant further understands that City Petén has been grossly mismanaged, to the benefit of members of the Ford family including Patrick Ford and companies owned by members of the Ford family including City Combustibles.

5

19.     On June 20, 2016, City Petén requested a declaration of commercial feasibility from MEM.  MEM denied it on November 9, 2017. The MEM finally approved the request on April 23, 2020, causing significant delays and thus losses to the Claimant.

20.     On December 11, 2020, the Claimant learned from press reports that Guatemalan prosecutors accused City Petén of paying a bribe to the former Minister of Energy and Mines, Mr. Erick Archila. The next day, USOG asked City Petén's CEO, Mr. James Patrick Ford ("Patrick Ford"), about the allegations.  Patrick Ford denied any wrongdoing and failed to inform the Claimant of the allegations, in breach of City Petén's contractual obligations.  Subsequently, the Claimant learned that sometime in 2017 Guatemalan investigators executed a search warrant on City Petén offices.

21.     In April 2022, the Claimant learned that Patrick Ford made a written declaration to Guatemalan prosecutors where he admits that he personally authorized the illicit payment in 2013 to former Minister Archila through a sham "consulting agreement."

22.     Since 2018, City Petén has refused to provide the internal rate of return reports mandated by the Assignment and Reversionary Interest Agreement.  The Claimant repeatedly asked for this and other information since at least September 2022, to no avail. On April 26, 2023, Patrick Ford refused the Claimant's request to provide information concerning City Combustibles.  The Claimant has never given its written authorization, as required by the Joint Operating Agreement, of sales agreements between City Combustibles and City Petén.

### B.     VIOLATIONS BY THE RESPONDENTS AND AMOUNT INVOLVED

23.     The dispute involves multiple contractual breaches and other misconduct by Respondents.

24.     The City Companies, the City Related Companies, and the Ford Family Members acted in a conspiracy that led to the Claimant's losses.  City Petén or City Oriente failed to provide the required quarterly internal rate of return statements as mandated under the Assignment and Reversionary Interest Agreement. Additionally, City Petén engaged in corrupt practices, on the personal instructions of Patrick Ford, including the bribery of at least one Guatemalan official using funds from City Petén's affiliated companies, which substantially share the same management and ownership.  City Petén's mismanagement of the hydrocarbon project included wasteful flaring of gas; failure to exploit, process, and sell hydrocarbons according to industry standards; and engaging in self-dealing by selling products to its affiliates or to companies in which City Petén has an interest, including but not limited to City Combustibles and VC33 Energía y Compañía Limitada, without proper agreements or consent by the Claimant. Furthermore, City Petén failed to negotiate detailed offtake agreements in good faith as required under the Joint Operating Agreement. As a result of these actions, City Petén is liable under Texas law, including

6

for breach of contract, fraud, negligence, breach of fiduciary duty, and the statutory duty not to commit waste.

25.    The MEM, including specifically former Minister Erick Archila, engaged in corrupt practices and undue delays that have caused harm to the Claimant. The delays in issuing necessary approvals and the involvement in the bribery scandal have significantly impacted the Claimant's contractual rights and obligations.  The MEM's conduct gives rise to various claims under applicable law, including but not limited to tortious interference with contract, negligence, conspiracy, harm to a known third-party beneficiary.  MEM's misconduct caused substantial losses suffered by the Claimant.

26.    Schlumberger and its affiliated entities are responsible for their participation in at least part of the project. The Schlumberger entities were involved in the operations and management of the hydrocarbon project from approximately 2012 to 2020. Schlumberger's actions and omissions give rise to various claims under applicable law, including but not limited to tortious interference with contract, negligence, conspiracy, breach of fiduciary duties, and harm to a known third-party beneficiary.  These actions have caused substantial losses suffered by the Claimant.

27.    Respondents' actions have caused significant financial harm to the Claimant, with damages estimated at US $230 million or more for just one of the hydrocarbon reservoirs covered by the 1-2006 Contract and without including damages for other relevant reservoirs in the area covered by Contract 1-2006, to be confirmed by relevant expert testimony.

## V.    RELIEF AND REMEDIES SOUGHT

28.    The Claimant seeks several forms of relief and remedies due to the Respondents' breaches. First, the Claimant seeks recovery of all monetary losses, costs, and other damages caused by Respondents' misconduct, plus pre- and post-award interest on such damages. Second, Claimants seek recovery of all statutory compensation recoverable under applicable law. Third, Claimant seeks specific performance in the form of an order to comply with the Governing Contracts, including an order for City Petén and City Oriente to provide the missing internal rate of return reports and other required information. Fourth, and in the alternative or additionally, Claimant seeks the rescission of the relevant agreements, including the Acquisition Agreement, the Assignment and Reversionary Interest Agreement, and the Joint Operating Agreement, and an order on the relevant Respondents including City Petén to cooperate in the reversion of the original full rights under Contract 1-2006 back to the Claimant. Fifth, the Claimant requests reimbursement of all costs and fees associated with the arbitration, including its attorneys' fees and costs, including all expert, arbitrator, and administrative fees paid by Claimant.

Finally, the Claimant seeks any other relief that the arbitral tribunal deems just and appropriate.

## VI.     CONCLUSION

29.     The Claimant, US Oil Guatemala S.A., respectfully submits this Notice of Arbitration against the Respondents, seeking relief and remedies as detailed above. The Claimant reserves the right to amend its claims as the proceedings advance or as new information becomes available.

Respectfully submitted,

*Ricardo A. Ampudia*

**Ricardo Ampudia, Esq., B.C.S., FCIArb.**

Board-Certified Specialist in International Litigation
and Arbitration by the Florida Bar
Partner
Rimon, P.C.
333 SE 2nd Avenue, Suite 2000
Miami, FL 33131
+1 202.991.1516
ricardo.ampudia@rimonlaw.com

8