UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| **SCHLUMBERGER N.V.,** | § | |
| **SCHLUMBERGER SURENCO S.A.,** | § | |
| **and SCHLUMBERGER** | § | |
| **INTERNATIONAL OILFIELD** | § | |
| **INVESTMENT LIMITED F/K/A** | § | |
| **OCULTUN INVESTMENT COMPANY** | § | |
| **LIMITED,** | § | **Civil Case No. 4:25-cv-1297** |
| | § | |
| *Plaintiffs,* | § | |
| | § | |
| **v.** | § | |
| | § | |
| **US OIL OF GUATEMALA S.A.,** | § | |
| | § | |
| *Defendant.* | § | |

### DEFENDANT US OIL OF GUATEMALA S.A.'S FIRST ORIGINAL ANSWER

Defendant US Oil of Guatemala S.A. ("USOG" or "Defendant") hereby files its Original Answer to Plaintiffs Schlumberger N.V.; Schlumberger Surenco S.A.; and Schlumberger International Oilfield Investment Limited f/k/a Ocultun Investment Company Limited's (collectively the "Schlumberger Parties" or "Plaintiffs") Petition for Declaratory Relief and Application to Stay Arbitration (the "Complaint"), originally filed in Harris County District Court and subsequently removed to the Southern District of Texas, and would respectfully show the Court as follows:

**I.**
### ANSWER TO PLAINTIFFS' ALLEGATIONS

Pursuant to Federal Rule of Civil Procedure 8(b), Defendant responds to the allegations in each corresponding paragraph of Plaintiffs' Complaint as follows:

### Overview

1.     This paragraph states a legal conclusion or requests legal relief to which no answer

1

is required; to the extent an answer is required, denied.

2.     Defendant admits only that it commenced an UNCITRAL arbitration and denies all other allegations in this paragraph.

3.     Defendant denies the allegations of this paragraph.

4.     This paragraph states a legal conclusion and no answer is required.

5.     This paragraph states a legal conclusion or requests legal relief to which no answer is required; to the extent an answer is required, denied.

**Parties and Service of Process**

6.     Defendant is without sufficient knowledge to admit or deny this allegation and therefore denies the allegations of this paragraph.

7.     Defendant is without sufficient knowledge to admit or deny this allegation and therefore denies the allegations of this paragraph.

8.     Defendant is without sufficient knowledge to admit or deny this allegation and therefore denies the allegations of this paragraph.

9.     Defendant admits the allegations of this paragraph.

**Jurisdiction and Venue**

10.    Defendant admits the allegations of this paragraph.

11.    This paragraph states a legal conclusion or requests legal relief to which no answer is required; to the extent an answer is required, denied.

12.    This paragraph states a legal conclusion or requests legal relief to which no answer is required; to the extent an answer is required, denied.

**Facts**

13.    Defendant admits the allegations of this paragraph.

2

14.    Defendant admits that the Notice of Arbitration (the "Notice") quotes from the governing agreements as alleged, which agreements speak for themselves.

15.    Defendant admits that the Notice defines the Plaintiffs as alleged; Defendant denies all remaining allegations in this paragraph.

16.    Defendant admits that the Notice alleges that certain Plaintiffs entered into agreements with other parties; Defendant denies all remaining allegations in this paragraph.

17.    Defendant admits that the Notice does not allege that Schlumberger N.V. entered into an agreement with Defendant, but denies the allegations of this paragraph to the extent they imply that Plaintiffs did not enter into agreements with Defendant or other parties to the arbitration.

18.    Defendant denies the allegations of this paragraph.

19.    Defendant denies the allegations of this paragraph.

**Causes of Action**

20.    This paragraph states a legal conclusion or requests legal relief to which no answer is required; to the extent an answer is required, denied.

21.    This paragraph states a legal conclusion or requests legal relief to which no answer is required; to the extent an answer is required, denied.

22.    This paragraph states a legal conclusion or requests legal relief to which no answer is required; to the extent an answer is required, denied.

23.    Defendant is without sufficient knowledge to admit or deny the allegations of this paragraph and therefore denies the allegations.

24.    Defendant is without sufficient knowledge to admit or deny the allegations of this paragraph and therefore denies the allegations.

25.    Defendant denies the allegations of this paragraph.

26.     This paragraph states a legal conclusion or requests legal relief to which no answer is required; to the extent an answer is required, denied.

27.     This paragraph states a legal conclusion or requests legal relief to which no answer is required; to the extent an answer is required, denied.

28.     Defendant denies the allegations of this paragraph.

29.     Defendant denies the allegations of this paragraph.

30.     This paragraph states a legal conclusion or requests legal relief to which no answer is required; to the extent an answer is required, denied.

31.     This paragraph states a legal conclusion or requests legal relief to which no answer is required; to the extent an answer is required, denied.

**Prayer for Relief**

32.     This paragraph states a legal conclusion or requests legal relief to which no answer is required; to the extent an answer is required, denied.

## II.
## AFFIRMATVE DEFENSES

Defendant asserts each of the following separate and distinct affirmative defenses to Plaintiff's Complaint:

1.     Plaintiffs' causes of action are barred, in whole or in part, because the Plaintiffs should be compelled to arbitrate the Defendant's claims in the pending UNCITRAL arbitration.

2.     Plaintiffs' causes of action are barred, in whole or in part, by the doctrine of waiver.

3.     Plaintiffs' causes of action are barred, in whole or in part, by the doctrine of estoppel.

4.     Plaintiffs' causes of action are barred, in whole or in part, by the doctrine of ratification.

4

5.     Plaintiffs' causes of action are barred, in whole or in part, by the doctrine of incorporation by reference.

6.     Plaintiffs' causes of action are barred, in whole or in part, by the doctrine of assumption.

7.     Plaintiffs' causes of action are barred, in whole or in part, by the doctrine of agency.

8.     Plaintiffs' causes of action are barred, in whole or in part, by the doctrine of third-party beneficiary.

9.     Plaintiffs' causes of action are barred, in whole or in part, by the doctrine of veil piercing or alter ego.

10.     Plaintiffs' causes of action are barred, in whole or in part, by the public policy favoring arbitration.

Defendant reserves the right to plead additional affirmative defenses as additional information becomes available.

## III.
## RELIEF REQUESTED

**WHEREFORE**, Defendant US Oil of Guatemala S.A. respectfully prays that the Plaintiffs take nothing by way of their Complaint, that the Complaint be dismissed with prejudice, that Defendant be awarded its reasonable attorney's fees and court costs to the fullest extent permitted by law, and such other relief to which Defendant may be entitled in law or in equity.

Respectfully submitted on this 26th day of March, 2025,

**RIMON P.C.**

By: */s/Joseph R. Callister*
Joseph R. Callister
Texas Bar No. 24059054
17304 Preston Road, Suite 800
Dallas, TX 75252
Telephone & Fax: (214) 306-7996
Email: joseph.callister@rimonlaw.com

*Ricardo A. Ampudia
Florida Bar No. 124293
333 SE 2nd Avenue, Suite 2000
Miami FL 33131
Telephone & Fax: 202.991.1516
Email: ricardo.ampudia@rimonlaw.com

*Counsel for Defendant US Oil of Guatemala S.A.*

*Admission to the Southern District of Texas forthcoming

## **CERTIFICATE OF SERVICE**

I certify that a true and correct copy of the foregoing pleading was served on all counsel pursuant to the Federal Rules of Civil Procedure on March 26, 2025.

*/s/ Joseph R. Callister*
Joseph R. Callister